FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2011 AUG 17 A 9: 59

CLERK...
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 1:11 CV 874 |
| Plaintiff, | CMH /TCB |
| v. | COMPLAINT |
| DYNCORP INTERNATIONAL, LLC, | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and retaliation, and to provide appropriate relief to James Friso ("Friso"), who was adversely affected by such practices. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), alleges that defendant, DynCorp International, LLC ("Defendant") subjected Friso to a hostile work environment based on his sex, male. The Commission also alleges that Defendant transferred Friso in retaliation for complaining about the sex-based harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Alexandria Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a limited liability corporation headquartered in the state of Virginia and in the city of Falls Church, and has continuously had at least 15 employees. Defendant operates as a military contractor and aircraft maintenance company.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Friso filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least November 2006, Defendant engaged in unlawful employment practices at its Taji, Iraq jobsite (hereinafter "the jobsite"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), as follows:

a. Defendant hired Friso as an aircraft sheet metal/structural mechanic on or about May 3, 2006, and assigned him to report to their Mannheim, Germany jobsite. In or around October 2006, Friso was assigned to the DynCorp OLC Modification Team and was deployed to Taji, Iraq.

b. Around November 2006, one of Friso's male co-workers (the "Co-worker") began making derogatory sex-based comments to Friso on a daily basis. The conduct continued until January 2007, when Defendant transferred Friso to Mannheim, Germany.

c. Specifically, the Co-worker called Friso "faggot," "dick-sucker" and/or "queer" on a daily basis. The Co-worker frequently referenced Friso's size in his insults, for example using terms such as "whiney little bitch," "short little mother fucker" and "short little bitch."

d. In addition to the foregoing conduct, the Co-worker accused Friso of engaging in homosexual acts, and described such homosexual acts to Friso. For example, on one occasion, the Co-worker told Friso to "go back to Mannheim and suck [Friso's former supervisor's] dick." The Co-worker made this comment in the presence of Defendant's management, but management took no action in response.

e. Friso, who is approximately 5'4" tall, soft spoken and of small stature, was harassed by the Co-worker based on his sex, because Friso does not fit the male gender stereotype, does not meet his co-worker's idea of how men look or behave and/or does not conform to male gender stereotypes. The male Co-worker is

approximately 6'0" tall and knew that Friso was married to a female at the time of the harassment.

f. From November 2006, Friso regularly complained to Defendant's onsite managers about the Co-worker's harassment. On or about November 4, 2007, Friso sent an email to Defendant's Regional Manager to complain about the harassment but the harassment continued. Friso continued to complain to the onsite managers, who generally responded by telling Friso that if he continued to complain about the Co-worker, Defendant would get rid of him (Friso).

g. Friso sent e-mail complaints on December 26 and 27, 2006, and January 3 and 4, 2007, to Defendant's regional manager and Human Resources representatives ("HR representatives") detailing the harassment. Neither responded to Friso's email complaints.

h. On or about January 4, 2007, Friso and two of his co-workers made a joint call to make unrelated complaints/inquiries to one of Defendant's HR representatives. During the call Friso inquired about whether Defendant's HR representatives had received his emailed complaints.

i. On or about January 25, 2007, three days after Friso trained a new employee who had arrived at the Taji site and was purportedly being trained to move into a position in Mannheim, Germany, Friso was transferred to Mannheim, Germany. The work that Friso had been doing in Taji, Iraq was taken over by the employee whom Friso had trained. The Co-worker who had subjected Friso to the sex-based harassment continued to work at Taji. Friso's transfer from Taji to Mannheim resulted in a loss of pay for Friso.

8. The effect of the practices complained of above in paragraph 7 has been to deprive Friso of equal employment opportunities and otherwise adversely affect his status as an employee because of his sex, male and in retaliation for his complaints about employment discrimination.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Friso.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a hostile work environment based on sex, or engaging in any other employment practice that discriminates on the basis of sex, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for men, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Friso whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices, including but not limited to reinstatement or front pay.

D.  Order Defendant to make Friso whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to housing expenses, in amounts to be determined at trial.

E.  Order Defendant to make Friso whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F.  Order Defendant to pay Friso punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 17th day of August, 2011.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

LYNETTE A. BARNES
Regional Attorney
Equal Employment Opportunity Commission
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202

TRACY HUDSON SPICER
Supervisory Trial Attorney

Edward O'Farrell Loughlin
Trial Attorney
Equal Employment Opportunity Commission
Washington Field Office
131 M Street, N.E., Suite 400
Washington, D.C. 20507
Telephone: (202) 419-0748
Facsimile: (202) 419-0739
edward.loughlin@eeoc.gov

ATTORNEYS FOR PLAINTIFF