IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | CIVIL ACTION NO. 1:11cv-874 |
| Plaintiff, ) ) | |
| v. ) ) | CONSENT DECREE |
| DYNCORP INTERNATIONAL, LLC, ) ) | |
| Defendant. ) ) | |

The United States Equal Employment Opportunity Commission (the "EEOC") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to correct alleged unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Party James Friso, who alleges he was affected by such practices. The EEOC's Complaint alleged that DynCorp International, LLC ("DynCorp") committed unlawful employment practices in violation of Title VII by subjecting James Friso to a hostile work environment based on his sex (male), and by retaliating against him by transferring him to a lower paying position after he complained of sex-based harassment. By entering into this Consent Decree, DynCorp does not admit the allegations contained in the EEOC's Complaint. The EEOC does not disavow the allegations as set forth in the Complaint.

This Consent Decree resolves all claims raised by the EEOC which stem from EEOC Charge No. 450-2007-01957 (James Friso v. DynCorp International LLC), and the EEOC Complaint, filed August 17, 2011, Docket #1, in this Lawsuit, and constitutes complete

resolution of all claims of unlawful employment practices under Title VII that were made or could have been made by the EEOC based on the Charge. The EEOC and DynCorp hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by this entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. DynCorp shall not discriminate against any person on the basis of sex, including subjecting employees to a sex-based hostile work environment, or any other protected category within the meaning of Title VII.

2. DynCorp shall not discriminate or retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of their filing of a Charge, their giving of testimony or assistance, or their participation in any investigation, proceeding, or hearing under Title VII.

3. DynCorp shall pay Charging Party James Friso a total sum of One Hundred Fifty Five Thousand Dollars and No Cents ($155,000.00) in settlement of the claims raised in this action for which DynCorp will receive a release of all claims that arose out of Charging Party's EEOC Charge No. 450-2007-01957. This sum shall be remitted in two separate checks. One

check shall be in the sum of Twenty Five Thousand Dollars and No Cents ($25,000.00), less applicable withholdings, which shall be for alleged backpay and for which DynCorp will issue the appropriate IRS Form W-2. The second check shall be in the sum of One Hundred Thirty Thousand Dollars and No Cents ($130,000.00), which shall be for alleged compensatory damages and for which DynCorp will issue an IRS Form 1099. DynCorp shall make payment by issuing these checks payable to James Friso. Payment shall be sent to Mr. Friso between February 1 and February 15, 2012, and DynCorp shall mail the checks to James Friso at an address provided by the Commission. Within ten (10) days after the checks have been sent, DynCorp shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, North Carolina, 28202, a copy of the checks and proof of their delivery to James Friso.

4. Within ten (10) days of the entry of this decree by the Court, DynCorp shall remove from the personnel file of James Friso any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 450-2007-01957 and related events that occurred thereafter, including the filing of this lawsuit. Such documents shall be removed from James Friso's personnel file and placed in a separate file. Within fifteen (15) days of the entry of this decree by the Court, DynCorp shall report compliance with this provision to the EEOC.

5. DynCorp has a written anti-harassment policy in place (marked Attachment A and hereby made part of this Decree) that it shall maintain throughout the term of this Decree. Additionally, DynCorp's practice is to distribute the policy to all new employees, and DynCorp shall maintain this practice during the term of this Decree. Within thirty (30) days of the entry of this Decree by the Court, DynCorp shall redistribute its written anti-harassment policy to each of

the training, and inform the Commission within ten (10) days after completion of the training program that the training was completed.

The training program shall be completed within sixty (60) days after entry of the Decree by the Court.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, DynCorp shall conspicuously post the attached Employee Notice, (marked Attachment B and hereby made a part of this Decree), in a place where it is visible to employees at the worksites encompassed by the Theatre Aviation Sustainment Manager – Europe (TASM-E) where DynCorp employees are employed, which is the Division where Mr. Friso worked during his employment with DynCorp. This Notice shall remain posted for the term of this Decree. If a Notice becomes defaced or unreadable, DynCorp shall replace it by posting another copy of the Notice to the extent that a supervisor of DynCorp becomes aware that the Notice is defaced or unreadable. Within forty-five (45) days after entry of this Decree, DynCorp shall inform the EEOC, in writing, that the Notices have been posted pursuant to this provision.

9. During the term of this Consent Decree, DynCorp shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

A. The name and address of all DynCorp employees (located within the TASM-E Division) who, during the previous six (6) months, have complained about alleged harassment and/or discrimination based on sex under Title VII of the Civil Rights Act of 1964, or who have filed a charge and/or given testimony and/or information in connection with such a complaint or charge to the extent a DynCorp supervisor is aware of such complaints and/or

charges;

B. For each individual identified in 9.A. above, provide a brief description of the individual's complaint and explain how DynCorp investigated the incident, including but not limited to: (1) who conducted the investigation; and (2) the outcome of the investigation;

C. For each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

D. For each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, DynCorp shall send the EEOC a "negative" report indicating no activity.

10. The EEOC may review compliance with this Decree. As part of such review, the EEOC may inspect DynCorp's facilities within the TASM-E Division where DynCorp employees are employed and interview employees, and examine and copy documents, including but not limited to all records required to be kept by the terms of this Decree.

11. If any time during the term of this Decree, the EEOC believes that DynCorp is in violation of the Decree, the EEOC shall give written notice of the alleged violation to DynCorp. DynCorp shall have thirty (30) days in which to investigate and respond to the allegations. Thereafter, the Parties shall then have a period of thirty (30) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations. If the Parties are unable to resolve the dispute by that time, the EEOC may then apply to the Court for appropriate relief.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the EEOC by DynCorp pursuant to this Decree shall be sent to: (1) if by mail, Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, North Carolina., 28202; and (2) if by email, to the EEOC at EEOC-CTDO-decreemonitoring@eeoc.gov.

14. Each party shall bear its own costs and attorneys' fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end two (2) years, without further action by the Parties, at which point this lawsuit will be dismissed with prejudice.

The Parties jointly request that the Court enter and approve this Consent Decree.

_Jan 6, 2012_
DATE

/s/
Claude M. Hilton
United States District Judge

This the 20th day of December, 2011

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES
Regional Attorney

/s/ Edward O'Farrell Loughlin
EDWARD O'FARRELL LOUGHLIN
(VSB No. 70182)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.W., 4th Floor
Washington, D.C. 20507
Telephone: (202) 419-0748
Facsimile: (202) 419-0739
Email: edward.loughlin@eeoc.gov

ATTORNEYS FOR PLAINTIFF

/s/ Katherine A. Goetzl
KATHERINE A. GOETZL
(VSB No. 41475)
JASON BRANCIFORTE
LITTLER MENDELSON, P.C.
1150 17th Street, N.W.
Suite 900
Washington, D.C. 20036
Telephone: 202.842.3400
Facsimile: 202.842.0011
Email: jbranciforte@littler.com

ATTORNEYS FOR DEFENDANT

Firmwide:105091198.1 058366.1068                8



Date:   01 January 2011

To:     DynCorp International Employees

### DynCorp International's Commitment to a Harassment Work Free Environment

It is the policy of DynCorp International (the "Company") to provide all employees an opportunity to work in an environment free from sexual harassment by supervisors, other employees, clients, customers or suppliers. Sexual harassment is unacceptable in the workplace or in any business-related setting outside the workplace. The Company will not tolerate sexual harassment or any form of harassment under any circumstances. All employees are required to conduct themselves and treat others in the workplace with respect and dignity.

Sexual harassment is defined by the U.S. Equal Employment Opportunity Commission and for purposes of this policy as:

"Unwelcome sexual advances, requests for sexual favors, or other verbal or physical acts of a sexual or sex-based nature where:

(1) Submission to such conduct is made either explicitly or implicitly a term or condition of employment;
(2) Submission to or rejection of such conduct is used as the basis for decisions affecting an individual's employment; or
(3) Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile or offensive work environment."

Any employee who believes he / she has been the subject of sexual harassment or who is aware of such conduct occurring in the workplace should report the alleged conduct immediately to his/her supervisor, Human Resources, or DynCorp International Hotline at 1-877-396-4685 or via e-mail at www.dyncorpinternational.ethicspoint.com. The Company is committed to treating allegations of sexual harassment very seriously and will promptly investigate such complaints and take any necessary corrective action. Any employee found to have violated this policy will be subject to appropriate disciplinary action, up to and including termination.

DynCorp International will not tolerate retaliation against persons who report sexual harassment or cooperate in an investigation into an allegation of sexual harassment.

The above policy statement regarding sexual harassment is a summary of and qualified in its entirety by DynCorp International 4.5 Sexual & Workplace Harassment. Employees are encouraged to review the policy for additional information. DynCorp International will protect any person who files a sexual harassment investigation from retaliation.

DynCorp International

*[signature]*
Steven F. Gaffney
Chairman and Chief Executive Officer

ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) DYNCORP INTERNATIONAL, LLC, ) ) Defendant. ) ) | CIVIL ACTION NO. 1:11cv-874 CONSENT DECREE |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and DynCorp International, LLC in a lawsuit alleging discrimination based on sex and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC. Title VII specifically prohibits discrimination based on sex.

3. DynCorp International, LLC will comply with such federal law in all respects. Furthermore, DynCorp International, LLC will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, NW, 4th Floor
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

DO NOT REMOVE THIS NOTICE UNTIL: _____, 2013

ATTACHMENT B

Firmwide:105091198.1 058366.1068          9